UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MEREDITH SEPPANEN, et al.,
Plaintiffs,

v.                                                                                  Case No. 2:09-cv-195
                                                                                    HON. GORDON J. QUIST
KRIST OIL CO.,
Defendant.
_____/

AMCO INSURANCE COMPANY,
Plaintiff,

v.                                                                                  Case No. 2:10-cv-75
                                                                                    HON. GORDON J. QUIST
KRIST OIL CO., et al.,
Defendants.
_____/

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THE MATTER coming before the Court on the whether the Class Settlement Agreement ("Agreement") between Plaintiffs Meredith and Brian Seppanen ("Plaintiffs") and Krist Oil Company, ("Defendant") collectively (the "Parties") should be finally approved.  The Court has carefully reviewed the Parties' Motion for Final Approval of Class Action Settlement, Docket No. [ 118 ], and the entire court file and is otherwise fully advised in the premises.  Final approval of the Class Action Settlement is unopposed by Defendant.

By an Order of Preliminary Approval Docket No. [ 115 ], entered [ 3/23/11 ], 2011, the Court preliminarily approved the proposed Settlement Agreement by the Parties, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and appointed Plaintiffs as representative of the following class:

> All persons who used either a credit card or debit card at any of Krist Oil Company's businesses in Michigan, Wisconsin and Minnesota, where Krist Oil Company provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date or more than the last five digits of that person's credit card or debit card, for a time period beginning on December 1, 2006, until November 30, 2009.

The Court also ordered that, within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court, the Notice of Proposed Settlement and the right to opt out was to be made by publication by: (1) posting a summary notice at each Krist Oil store at a location feasible to the principal point of sale system, obvious to customers and not disruptive to the business for a period of forty-five (45) days; (2) publishing a summary notice one (1) time in a weekday edition in the following newspapers: The Mining Journal, Sault Saint Marie Evening News, Escanaba Daily Press, Iron Mountain Daily News, Ironwood Daily Globe, Houghton Daily Mining Gazette, Marinette Eagle Herald, Duluth New Tribune, Ashland Daily Press, Green Bay Press Gazette, and the Manitowoc Herald Times Reporter; (3) publishing notice on a website to be created and maintained by the Administrator where class members could download a full class notice and a claim form; and (4) making the same available on Class Counsel's website.

The Court having held a hearing on the fairness of the Settlement Agreement after due notice and the opportunity for any objections to the Settlement Agreement to be heard and the Court fully advised in the premises, the Court finds as follows:

I.      This Court has preliminarily approved a class and affirms its decision of approving the settlement class defined as:

> All persons who used either a credit card or debit card at any of Krist Oil Company's businesses in Michigan, Wisconsin and Minnesota, where Krist Oil Company provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date or more than the last five digits of that person's credit card

or debit card, for a time period beginning on December 1, 2006, until November 30, 2009.

II.      In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members. The Court finds that Notice of the Settlement has been timely published in accordance with the terms of the Court's Preliminary Approval Order, and that the Notice was properly posted.

III.     `0 (Zero)` Class Members have submitted a notice of opting-out.

IV.     `0 (Zero)` Class Members have filed objections to the Settlement Agreement.

V.      The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1.      The Settlement Agreement between the Defendant and Plaintiffs, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2.      On the "Effective Date" the releases contained in the Agreement shall take effect. The releases are as follows:

> Plaintiffs and each Class Member who did not opt-out or otherwise exclude themselves, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Krist Oil Company, CITGO, Pinnacle, including their insurers, agents, principals, partners and joint ventures, and each of their employees,

representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest, that accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing of more than the last five digits of the cardholder's account number and/or the expiration date upon a receipt provided to the cardholder at the point of sale or transaction between December 1, 2006 and November 30, 2009.

3. The Administrator shall issue the Settlement Checks to each Participating Class Member who timely submitted a Verified Purchase or Valid Claim Form.

4. The Court hereby awards Class Counsel one hundred eighty-seven thousand five hundred dollars ($187,500), as reasonable attorney's fees and costs.

5. The Court hereby awards Plaintiffs Meredith Seppanen and Brian Seppanen $10,000 in total for their damages arising from multiple receipts received from Defendant's place of business in Marquette, Michigan, and as an incentive award for their participation in this litigation.

6. The Administrator shall distribute the funds described in paragraphs 3, 4 and 5 above, with 28 days of the "Effective Date" set forth in the Settlement Agreement.

7. All checks issued to Class Members shall be void sixty (60) days after the date of issuance.

8. Those monies from any unclaimed Settlement Funds and any Class Member check not cashed within that sixty 60-day time period are to be awarded as *cy pres* on a 50% / 50% basis to Legal Services of Northern Michigan and Legal Action of Wisconsin (the "Recipients").

9. Within thirty (30) days of the void date of the Settlement Checks, the Administrator shall distribute the *cy pres* award to the Recipients.

10. Within thirty (30) days of the void date of the Settlement Checks, the Parties are to submit a joint letter to the *cy pres* Recipients and file a copy with the Court via the ECF system.

11. This Court retains jurisdiction over this litigation for the purpose of implementing and enforcing the Settlement Agreement, the terms of the Agreement, and this Order, for a period of one hundred fifty (150) days after the "Effective Date".  This Court retains exclusive jurisdiction over Defendant, Plaintiffs, and all Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising our of or relating to the enforcement and applicability of this Order and the Agreement.  This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

12. This Lawsuit is hereby dismissed without prejudice and without costs or attorney's fees (except as otherwise provided herein) and that on a date that is one hundred fifty (150) days after the "Effective Date" this dismissal shall become a dismissal with prejudice and without costs or attorney's fees (except as otherwise provided herein).

DATE: August 9, 2011           ENTERED:  /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE